UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 03 B 49243-49246 |
| ) | (Jointly Administered) |
| BUILDERS PLUMBING AND HEATING ) | Chapter 7 |
| SUPPLY CO., INC., et al., ) | Judge John H. Squires |
| ) | |
| Debtors. ) | |
| ) | |
| DAVID E. GROCHOCINSKI, not ) | |
| personally, but as CHAPTER 7 TRUSTEE ) | |
| for the estates of Builders Plumbing and ) | Adv. No. 05 A 02700 |
| Heating Supply Co., Inc., Glendale ) | |
| Plumbing Supply Co., Inc., Southwest Pipe ) | |
| & Supply, Inc., and Spesco, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RUTHE LEDERMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of David E. Grochocinski, the Chapter 7 trustee (the "Trustee") of the bankruptcy estates of Builders Plumbing and Heating Supply Co., Inc. ("Builders"), Glendale Plumbing Supply Co., Inc., Southwest Pipe & Supply, Inc., and Spesco, Inc. (collectively the "Debtors"), for partial summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56 on his complaint against Ruthe Lederman ("Lederman") to avoid certain transfers as

-2-

preferential under 11 U.S.C. §§ 547(b) and 550(a).[1] For the reasons set forth herein, the Court grants the Trustee's motion for summary judgment under Counts I and III of the complaint. The Trustee is entitled to an award of prejudgment interest at the prime rate of 8.25% commencing from December 5, 2005. Further, the Trustee's taxable costs of $250.00 are hereby assessed against Lederman under 28 U.S.C. § 1920. The trial scheduled to commence on July 30, 2007 will go forward with respect to Count II of the complaint.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

## II. APPLICABLE STANDARDS FOR SUMMARY JUDGMENT

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[1] Count II of the complaint which seeks to recover the transfers as fraudulent conveyances under 11 U.S.C. §§ 548 and 544, and 740 ILL. COMP. STAT. 160/5 and 160/6 is not the subject of this motion for summary judgment.

-3-

FED. R. CIV. P. 56(c); *see also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Savs. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998). On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

-4-

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*,

-5-

477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

Rule 56(d)[2] provides for the situation when judgment is not rendered upon the whole matter, but only a portion thereof. The relief sought pursuant to subsection (d) is styled partial summary judgment. Partial summary judgment is available to dispose of one or more counts of a complaint in their entirety. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*, 266 F.2d 200, 201 (7th Cir. 1959); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216-17 (7th Cir. 1946); *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987); *Strandell v. Jackson County, Ill.*, 648 F. Supp. 126, 136 (S.D. Ill. 1986); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985); *Capitol Records, Inc. v. Progress Record Distrib. Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985); *In re Network 90 Degrees, Inc.*, 98 B.R. 821, 831 (Bankr. N.D. Ill. 1989). Rule 56(d) provides a method whereby a court can

---

[2] Rule 56(d) provides as follows:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

FED. R. CIV. P. 56(d).

narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56. *Capitol Records*, 106 F.R.D. at 29. In the case at bar, the Trustee effectively seeks partial summary judgment as his motion relates only to the first and third counts of the complaint. The second count of the complaint under which the Trustee seeks to avoid the transfers as fraudulent pursuant to 11 U.S.C. §§ 544 and 548, and 740 ILL. COMP. STAT. 160/9(b) is not the subject of this motion.

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the movant to supplement the motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B.

As required, the Trustee filed a 7056-1 statement that complies with the Local Rule. It includes numbered paragraphs outlining undisputed material facts along with specific

references to supporting exhibits. In addition, the Trustee submitted an affidavit in support of his alleged undisputed material facts.

The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B.

The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir. 1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir. 1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240-41 (7th Cir. 1991). Compliance with Local Rules 7056-1 and 7056-2 is not a mere technicality. Courts rely greatly on the information in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Am. Ins. Co. v. Meyer Steel Drum, Inc.*, No. 88 C 0005, 1990 WL 92882, at *7 (N.D. Ill. June 27, 1990). The statements required by Rule 7056 are not merely superfluous abstracts of evidence. Rather, they

-8-

> are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Because Lederman failed to comply with Rule 7056-2, all material facts in the Trustee's 7056-1 statement are deemed admitted and are set forth in Section III *infra* of the instant Memorandum Opinion.

### III. UNDISPUTED FACTS AND BACKGROUND

On December 5, 2003, the Debtors filed voluntary Chapter 11 petitions. (7056-1 statement ¶ 1; Ex. No. 1 § III.A.1; Ex. No. 2 ¶ 1.) On March 11, 2004, the Court granted the Debtors' motion to convert the cases to Chapter 7. (7056-1 statement ¶ 2; Ex. No. 1 § III.A.2; Ex. No. 2 ¶ 1.) Thereafter, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estates. (*Id.*) Lederman is a friend of Abe Kogan, who was an officer and director of Builders. (7056-1statement ¶¶ 3 & 4; Ex. No. 1 § III.A.3; Ex. No. 2 ¶ 4.)

During the ninety days preceding the filing of the bankruptcy petitions, Lederman received payments from Builders in the aggregate sum of $200,657.53. (7056-1 statement ¶ 8; Ex. No. 1 § III.A.4; Ex. No. 2 ¶ 5.) In particular Lederman received $67,324.21 on September 25, 2003, $66,666.66 on September 26, 2003, and on September 29, 2003, she received $66,666.66. (7056-1 statement ¶ 8; Ex. No. 1 § III.A.4.) These payments were made to Lederman, a creditor of Builders at the time of the payments, to or for her benefit. (7056-1 statement ¶ 9; Ex. No. 3 ¶ 12.) Further, these payments were made on account of

-9-

an antecedent debt owed by Builders before such transfers were made to Lederman. (7056-1 statement ¶ 10; Ex. No. 3 ¶ 13.)

In order to receive a more favorable return on her money than would otherwise be available from a financial institution, Lederman loaned funds to Builders that were repaid with interest by the transfers at issue. (7056-1 statement ¶ 11; Ex. No. 1 § II.B.) Typically, Builders repaid Lederman's annual loan at the end of April and paid interest only on a monthly basis throughout the year on account of the principal amount of the loan outstanding from time to time. (7056-1 statement ¶ 12; Ex. No. 2 ¶ 3.) Lederman had no collateral, security interest, or lien to secure payment for the products delivered or services rendered to Builders or on behalf of Builders. (7056-1 statement ¶ 13; Ex. No. 1 § III.A.5.) Collectively, the payments that Lederman received fully satisfied the debt owed her by Builders on account of the loan. (7056-1 statement ¶ 14; Ex. No. 2 ¶ 6.)

At the time that each of the payments was made to Lederman, the sum of Builders' debts exceeded the sum of its property at a fair valuation. (7056-1 statement ¶ 15; Ex. No. 2 ¶ 7.) According to the Trustee, the Debtors' unsecured creditors will not receive a distribution that satisfies 100% of each creditor's allowed unsecured claim. (7056-1 statement ¶ 16; Ex. No. 2 ¶ 8.) Indeed, distribution to the Debtors' unsecured creditors will not exceed 15% of their allowed unsecured claims. (7056-1 statement ¶ 17; Ex. No. 2 ¶ 8.) The transfers to Lederman enabled her to receive more on account of antecedent debts owed by Builders than Lederman would have received if, as of the date of each transfer, Builders had commenced a case under Chapter 7 of the Bankruptcy Code, each transfer had not been

-10-

made, and Lederman received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Code. (7056-1 statement ¶ 18; Ex. No. 2 ¶ 9.)

The instant three-count complaint was filed by the Trustee on December 5, 2005. (7056-1 statement ¶ 19; Ex. No. 2 ¶ 2.) Therein, the Trustee alleges that Lederman received payments from Builders in violation of 11 U.S.C. § 547(b) and seeks to recover those transfers under 11 U.S.C. § 550(a) (Counts I and III).

## IV. **DISCUSSION**

**A.   Count I: 11 U.S.C. § 547(b)**

Pursuant to Count I of the complaint, the Trustee seeks to avoid the transfers to Lederman as preferential under § 547(b). A trustee, acting under 11 U.S.C. § 1107(a), may avoid certain preferential transfers made from a debtor's estate before the debtor filed a bankruptcy petition. *See* 11 U.S.C. § 547(b). Specifically, § 547(b) provides as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>    (1) to or for the benefit of a creditor;
>    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>    (3) made while the debtor was insolvent;
>    (4) made–
>       (A) on or within 90 days before the date of the filing of the petition; or
>       (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

-11-

> (5) that enables such creditor to receive more than such creditor would receive if–
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Accordingly, § 547(b) provides that any transfer[3] of an interest of the debtor in property may be avoided if the transfer meets five requirements: (1) it is made to or for the benefit of a creditor; (2) it is made for or on account of an antecedent debt owed by the debtor; (3) it was made while the debtor was insolvent; (4) it was made on or within 90 days before the date of the filing of the petition; and (5) it enables the creditor to receive more than such creditor would have received if the case were a case under Chapter 7, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the provisions of the Code. 11 U.S.C. § 547(b); *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 564 (7th Cir. 2001); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir. 1996).

The moving party has the burden of proof to establish all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *In re Jones*, 226 F.3d 917, 921 (7th Cir. 2000) (*citing In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir. 1998)). The Bankruptcy Code presumes the debtor to be insolvent, as a matter of law, during the 90 days

---

[3] The Bankruptcy Code's definition of a transfer is "expansive," *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992), and encompasses "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property. . . ." 11 U.S.C. § 101(54).

-12-

prior to the bankruptcy petition filing date. 11 U.S.C. § 547(f); *see also Barash v. Pub. Fin. Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). This presumption requires the defendant to present rebuttal evidence, but it does not relieve the plaintiff of the ultimate burden of proof on the third element to establish a prima facie case under § 547(b). *See In re Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir. 1990).

The power to avoid preferential transfers is designed to further the Bankruptcy Code's central policy of equality of distribution: "creditors of equal priority should receive pro rata shares of the debtor's property." *Begier v. IRS*, 496 U.S. 53, 58 (1990). "Additionally, by preventing the debtor from favoring certain creditors over others and by ensuring an equal distribution, the preference provision helps reduce 'the incentive to rush to dismember a financially unstable debtor.'" *Warsco*, 258 F.3d at 564 (*quoting In re Smith*, 966 F.2d 1527, 1535 (7th Cir. 1992)). "The purpose of allowing preferential transfers to be set aside is to prevent debtors who are tottering toward bankruptcy from playing favorites among their creditors, trying to keep alive a little longer by placating the most importunate ones." *In re Freedom Group, Inc.*, 50 F.3d 408, 410 (7th Cir. 1995).

The Court finds that the Trustee has established and Lederman failed to dispute the following elements: the transfers were made to or for the benefit of Lederman, a creditor; the transfers were made for or on account of an antecedent debt owed by Builders; the transfers were made while Builders was insolvent; the transfers were made within 90 days before the date of the filing of Builders' bankruptcy case; and the transfers enabled Lederman to receive more than she would have received if the case were a case under Chapter 7, the transfers had

-13-

not been made, and Lederman received payment of such debt to the extent provided by the provisions of the Code. None of the elements are disputed.

In sum, the Court finds that the Trustee has met all of the elements to establish that the transfers by Builders to Lederman were preferential under § 547(b).

**B.    Count II: 11 U.S.C. § 550(a)**

Next, pursuant to 11 U.S.C. § 550(a), the Trustee seeks to recover from Lederman, for the benefit of the Debtors' estates, the value of the property transferred by Builders to Lederman. When a transfer is avoided under § 547(b), the next step is to look to § 550(a). Section 550(a) sets forth the parties from whom fraudulent transfers can be recovered, *Fisher v. Hamilton (In re Teknek, LLC)*, 343 B.R. 850, 880 (Bankr. N.D. Ill. 2006), and provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from
>
> > (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> >
> > (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

A court must first make a determination whether the transfer was preferential under § 547(b) and, therefore, avoidable before that transfer can be recovered pursuant to § 550(a). Section 550(a) is a secondary cause of action after a trustee has prevailed pursuant to the

-14-

avoidance sections of the Bankruptcy Code. *Santee v. Nw. Nat'l Bank (In re Mako, Inc.)*, 127 B.R. 471, 473 (Bankr. E.D. Okla. 1991). "Section 550(a) stands as a recovery statute only and not as a primary avoidance basis for an action, as it will only survive when coupled with the transfer avoidance sections of the Code." *Id.*

Section 550(a) effectively limits actions to only those that benefit the estate. *P.A. Bergner & Co. v. Bank One Milwaukee, N.A. (In re P.A. Bergner & Co.)*, 140 F.3d 1111, 1118 (7th Cir. 1998); *Kmart Corp. v. Intercraft Co. (In re Kmart Corp.)*, 310 B.R. 107, 126 (Bankr. N.D. Ill. 2004). Section 550 allows the trustee to recover the entire value of the property transferred, even if it exceeds the debt to the creditor that provided the basis for the action. *Kleven v. Stewart (In re Myers)*, 320 B.R. 667, 670 (Bankr. N.D. Ind. 2005). Even though an action to avoid a transfer may be, and often is, brought in conjunction with an action to recover the property transferred or its value, a court must evaluate the two bases of relief separately. *SKK Liquidation Trust v. Green & Green, LPA (In re Spinnaker Indus., Inc.)*, 328 B.R. 755, 764 (Bankr. S.D. Ohio 2005); *Barber v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.)*, 178 B.R. 753, 759 (Bankr. C.D. Ill. 1995). "Once the whole transfer has been pulled into the estate, the money is distributed according to the priorities established by the Code and the debtor's own commitments." *In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1396 (7th Cir. 1996).

The Bankruptcy Code does not define "transferee." The Seventh Circuit, however, explains that a "transferee" has "dominion over the money or other asset, the right to put the money to one's own purposes." *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988). The "initial" transferee is the first entity to have such a dominion

-15-

or right. *Kepler v. Aetna Fin. Co. (In re Ausman Jewelers, Inc.)*, 177 B.R. 282, 286 (Bankr. W.D. Wis. 1995). The Court finds that Lederman was the initial transferee of the Property.

Because the Court determined that the transfers from Builders to Lederman were preferential pursuant to § 547(b), the Trustee may recover those transfers in the sum of $200,657.53 from Lederman pursuant to § 550(a)(1).

C.  **Prejudgment Interest**

The Trustee has also made a demand in the complaint for prejudgment interest. The Bankruptcy Code does not specifically provide for the award of prejudgment interest. Nevertheless, the Seventh Circuit has made it clear that in an action under § 547(b), bankruptcy courts have discretion as to whether prejudgment interest should be awarded to a successful plaintiff. *P.A. Bergner*, 140 F.3d at 1123 (Prejudgment interest is "simply an ingredient of full compensation" and should not be used to create a windfall.); *In re Milwaukee Cheese Wis., Inc.*, 112 F.3d 845, 849 (7th Cir. 1997) ("Discretion must be exercised according to law, which means that prejudgment interest should be awarded unless there is a sound reason not to do so."). *See also Dubois v. Ozinga Ind. RMC, Inc. (In re PG Indus., Inc.)*, 336 B.R. 765, 766 (Bankr. N.D. Ind. 2006) (*citing Milwaukee Cheese Wis.* and *P.A. Bergner*). The purpose of allowing prejudgment interest is compensatory, not punitive; such interest is granted to make the prevailing party whole. *See Milwaukee Cheese Wis.*, 112 F.3d at 849.

The Court, in the exercise of its discretion, awards the Trustee prejudgment interest. The Court will utilize the prime rate as the benchmark for prejudgment interest absent a statutorily defined rate. *See First Nat'l Bank of Chi. v. Standard Bank & Trust*, 172 F.3d

-16-

472, 480 (7th Cir. 1999). As of January 2, 2007, the prime rate of interest is 8.25%. (7056-1 statement ¶ 20 & Ex. No. 2 ¶ 10.) Thus, the Court awards the Trustee prejudgment interest at the rate of 8.25 % commencing from December 5, 2005, the date he filed the instant adversary proceeding.

**D.    Costs**

Finally, without citation to any statute or case law, the Trustee seeks the award of his court costs. Pursuant to Federal Rule of Bankruptcy Procedure 7054(b), "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." FED. R. BANKR. P. 7054(b). The Court is unaware of any statute or Bankruptcy Rule that would not provide for the allowance of costs to the Trustee. Pursuant to 28 U.S.C. § 1920, the Court may award a prevailing party taxable costs. That statute provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> > (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title;
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> A bill of costs shall be filed in the case and, upon allowance,
> included in the judgment or decree.

28 U.S.C. § 1920.

The Court has broad discretion to determine whether and to what extent to award costs to prevailing parties. *See Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Allowable costs, however, are limited to the categories in § 1920, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987). The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish either that the costs fall outside the parameters of § 1920, that they were not reasonably necessary to the litigator, or that the losing party is unable to pay. *See Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985).

The Court assesses the Trustee's taxable costs against Lederman pursuant to 28 U.S.C. § 1920. The Trustee seeks only $250.00 the cost of filing the instant adversary proceeding. Thus, the Trustee's costs in the sum of $250.00 are assessed against Lederman.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Trustee's motion for partial summary judgment with respect to Counts I and III of the complaint. The Trustee is entitled to an award of prejudgment interest at the prime rate of 8.25 % commencing from December 5,

-18-

2005. Further, the Trustee's taxable costs of $250.00 are hereby assessed against Lederman under 28 U.S.C. § 1920. The trial scheduled to commence on July 30, 2007 will go forward with respect to Count II of the complaint.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 2/26/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Builders Plumbing and Heating Supply Co. Inc. v. Ruthe Lederman
Adversary No. 05 A 02700

Mark L. Radtke, Esq.
Shaw Gussis Fishman Glantz et al
321 N. Clark Street, Suite 800
Chicago, IL 60610

Michelle G. Novick, Esq.
Fagel & Haber LLC
55 E. Monroe Street, Suite 4000
Chicago, IL 60603

David E. Grochocinski, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
800 Ravinia Place
Orland Park, IL 60462

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606